UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**RIGID CONSTRUCTORS LLC**             **CASE NO.  6:22-CV-06234**

**VERSUS**                             **JUDGE ROBERT R. SUMMERHAYS**

**MITSUI SUMITOMO MARINE**             **MAGISTRATE JUDGE CAROL B.**
**MANAGEMENT USA INC., ET AL.**        **WHITEHURST**

### RULING ON OBJECTION

The present matter before the court is an objection (the "Objection") to the Report and Recommendation ("R&R") issued by the Magistrate Judge on April 6, 2023. [ECF No. 45]. In the R&R, the Magistrate Judge recommended that the Motion to Remand filed by plaintiff Rigid Constructors LLC ("Rigid") [ECF No. 14] be denied on the ground that a non-diverse defendant was improperly joined. Rigid Constructors timely filed an objection to the R&R [ECF No. 46]. For the reasons that follow, the court OVERRULES the objection and ADOPTS the recommendations of the Magistrate Judge.

### I.
#### Background

The Court adopts the Magistrate Judge's statement of the factual background of the case as follows:

> Plaintiff, Rigid Constructors, LLC, filed suit in state court on November 30, 2022 against its purported insurers, Mitsui Sumitomo Marine Management (USA), Inc., Mitsui Sumitomo Insurance USA, Inc., US Specialty Insurance Company, Continental Underwriters Ltd., and Subscribing Underwriters at Lloyd's London, for breach of contract following salvage operations for a sunken barge. (Rec. Doc. 1-2). This insurance dispute involves a policy issued to a Rigid Constructors entity, CF, LLC, in March 2022 [the "Policy"]. (Rec. Doc. 14-2, p. 2-3). The Mitsui Defendants removed the case to this Court on December 23, 2023, on the grounds of diversity jurisdiction. (Rec. Doc. 1). The parties dispute diversity. Plaintiff maintains that Continental Underwriters is a properly joined and served non-diverse Louisiana entity which destroys diversity jurisdiction. Defendants maintain that Continental Underwriters is not the proper party defendant and that Continental

1

>Underwriters was improperly joined, such that its citizenship is irrelevant to the diversity analysis.[1]

The Magistrate Judge concluded that defendant Continental Underwriters LLC ("Continental") was improperly joined because Rigid Constructors has no possibility of recovery against Continental.[2] Accordingly, the Magistrate Judge recommended that the claims against Continental be dismissed and that the Motion to Remand be denied.[3]

## II.
### Discussion

As explained by the Magistrate Judge, there are two ways a removing defendant can show that a non-diverse defendant was improperly joined: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[4] Here, the Mitsui Defendants do not rely on allegations of fraud but instead argue that Rigid Constructors is unable to establish a cause of action against Continental in state court. The Fifth Circuit has explained the procedure for determining whether a party has been improperly joined under this second prong as follows:

> A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.[10] Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.[5]

---

[1] ECF No. 45 at 1–2.
[2] *Id.* at 11.
[3] *Id.*
[4] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006)).
[5] *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 573–74 (5th Cir. 2004).

2

The Magistrate Judge elected to conduct a summary inquiry on the grounds that Rigid's state court petition omitted or misstated discrete facts addressing the nature of Continental's role and liability with respect to the Policy. The Magistrate Judge first concluded that Continental functioned as a "producing agent" in the transaction and not an "insurer" liable on the Policy:

> Continental Underwriters did not place, bind, issue, or underwrite the policy, issued in March 2022, by which time its assets and trade name had been sold to CRC. (Rec. Doc. 26-5, ¶12). CRC did not underwrite, subscribe, contract, issue, or incur responsibility for the policy. CRC functioned as a disclosed nonresident Producer Agent for US Specialty, which underwrote the policy. (Rec. Doc. 26-5, ¶13-16). Although CRC did bind the policy on behalf of US Specialty, the Court accepts CRC's explanation that US Specialty, an authorized insurer, engaged Continental Underwriters/CRC as a producing agent with the specialized knowledge and resources necessary to assess risks and bind marine policies. (Rec. Doc. 44, p. 18-19).[6]

The Magistrate Judge further found that, in light of Continental's role in the transaction, "Plaintiff did not allege any facts purporting to show that Continental Underwriters/CRC breached any duty in its capacity as producing agent of the policy. Plaintiff's claims are for payment of claims under the policy and related bad faith damages applicable only to insurers."[7]

---

[6] ECF No. 45 at 9-10. The Mitsui Defendants' Opposition to the Motion to Remand includes an argument that Continental is not the real party in interest. Specifically, they filed declarations showing that in December 2020—over a year before the Policy was issued—CRC Insurance Services, Inc. ("CRC"), an Alabama corporation with its principal place of business in Alabama, purchased all of Continental's assets and the tradename "Continental Underwriters LTD, LLC." ECF No. 26-5. They further argue that a Louisiana LLC—CULL, LLC — was created to administer policies issued prior to the December 2020 sale. *Id.* According to the Magistrate Judge, "policies written or administered after the 2020 sale, such as [the Policy] issued to Rigid Constructors, would fall into the CRC bucket, rendering CRC the proper entity." ECF No. 45 at 4. The Mitsui Defendants thus argue that the "Continental Underwriters, LTD" named as a defendant in this case is merely a "D/B/A" of the real party in interest, CRC. Since CRC is diverse, they posit this argument as an additional ground for diversity jurisdiction. This jurisdictional ground was never asserted in the Notice of Removal and appears for the first time in the Opposition to Motion to Remand. Accordingly, the Magistrate judge did not base her recommendation on this argument.

[7] ECF No. 45 at 9-10.

Rigid argues that the Magistrate Judge applied the wrong standard by not "resolving all disputes in favor of Rigid Constructors and in favor of remand."[8] Rather, per Rigid, the Magistrate Judge "weighed the conflicting evidence, assigned weight based on upon credibility determinations, and concluded that the evidence submitted by the removing defendants was 'more persuasive.'"[9] The Court disagrees. Rigid's theory of the case is that Continental accepted 50% of the risk and 50% of the premium under the Policy, and that it is therefore liable to pay any claims on the Policy as an insurer on the same terms as Mitsui Sumitomo Insurance—the insurer who accepted the remaining 50% risk on the Policy.[10] However, the policy language cited in Rigid's original state court petition appears to conflict with its theory of the case. Paragraphs 5 and 6 of Rigid's state court petition references "Endorsement No. 70" to the Policy, which describes the "subscribing underwriters" of the Policy as Mitsui Sumitomo Insurance and "U.S. Specialty Insurance Company *through* Continental Underwriters Ltd. LLC," and states that each accepts 50% of the risk and premiums on the Policy.[11] This language—specifically listing "U.S. Specialty Insurance Company" first and using the term "through" in reference to Continental—supports the Mitsui Defendants' position that U.S. Specialty Insurance assumed 50% of the liability on the Policy as an insurer, and that Continental was merely acting as an agent for U.S. Specialty. Nevertheless, Rigid alleges in its state court petition that "[u]pon information and belief, *Continental Underwriters* retained a certain amount of the risk in exchange for premiums pursuant to said Policy" and ignores the role of U.S. Specialty Insurance.[12] Given the discrepancies between

---

[8] ECF No. 46 at 5.
[9] *Id.*
[10] ECF No. 1-2 at ¶ 5.
[11] ECF No. 14-2 at 3.
[12] ECF No. 1-2 at ¶ 5 (emphasis added).

Rigid's allegations and the actual Policy language, the Magistrate Judge correctly pierced the pleadings and proceeded with a "summary inquiry."

As far as the parties' evidence, Rigid relies heavily on declarations submitted by its insurance broker, Dwight W. Andrus, IV. In his first declaration, Andrus states that he negotiated with Elder Brown, III, Continental's CEO, over "Continental Underwriters taking 50% of the risk in return for 50% of the premium."[13] Andrus further states that Endorsement No. 70 shows that the Policy "is subscribed to by Mitsui for 50% of the risk and premium and *Continental Underwriters* subscribing to the remaining 50% of the risk and premium."[14] Like the allegations in Rigid's state court petition, Andrus does not address the reference to U.S. Specialty Insurance in Endorsement No. 70. Rigid, however, subsequently filed a second declaration from Andrus that appears to hedge on Continental's role:

> I am not privy to the details of the arrangement between U.S. Specialty Insurance Company and Continental Underwriters Ltd. However, the impression I had from my communications with Elder Brown was that Continental Underwriters was underwriting the proposed risk in-house, as if it had the "pen" to write coverage on the insurer's paper within certain limits. ***It is possible that Continental Underwriters was acting as a managing general agent for U.S. Specialty Insurance Company***. My impression in this regard is consistent with Continental Underwriters issuing the cover note number for the 50% quota share of the Mitsui policy and wanting to handle in-house any claims.[15]

Andrus' testimony thus appears to concede that Continental may not have assumed liability as an insurer but instead served as an agent—possibly a managing general agent—for Specialty Insurance.

---

[13] ECF No. 14-2 at ¶ 7 (Declaration of Dwight W. Andrus, IV).
[14] *Id.* (emphasis added).
[15] ECF No. 42-1 at ¶ 11 (Supplemental Declaration of Dwight W. Andrus, IV).

In response, the Mitsui Defendants point to evidence supporting their position that Continental was merely acting as an agent for U.S. Specialty Insurance in connection with the Policy. Specifically, they submitted a declaration from Elder Brown stating that Continental "has never been an insurer or insurance company," and that it "has never been licensed as an insurer or insurance company in the State of Louisiana or any other state."[16] Rather, Continental "was licensed and operated as a Producer Agency in the State of Louisiana, acting as Producer Agent for many insurance companies, including U.S. Specialty Insurance Company."[17] Brown further states that Continental "did not place, bind, issue, or underwrite" the Policy.[18] He explains that at the time the Policy was issued—March 11, 2022—Continental had "already ceased operations . . . when it sold to CRC the assets and tradename of Continental underwriters, Ltd. LLC," and that "CRC functioned solely as a disclosed nonresident Producer Agent for U.S. Specialty in respect of the primary policy."[19] He states that "CRC did not underwrite, subscribe, contract, issue, or otherwise agree to be financially responsible under" the Policy.[20] The Mitsui Defendants also point to a declaration from Jacqueline Nolan, a Senior Claims Specialist for Mitsui Sumitomo Marine Management, Inc., which was "the lead insurer subscribing severally but not jointly to" the Policy.[21] Nolan states that U.S. Specialty Insurance—not Continental—was the "subscriber insurer of the primary policy with . . . [a] 50% interest."[22] Mitsui Sumitomo Insurance held the other 50% interest. Nolan further states that neither Continental nor U.S. Specialty Insurance "had any responsibility to adjust the subject claim under the primary policy."[23]

---

[16] ECF No. 26-5 at ¶ 7.
[17] *Id.* at ¶ 6.
[18] *Id.* at ¶ 12.
[19] *Id.* at ¶¶ 12-13.
[20] *Id.* at ¶ 14.
[21] ECF No. 26-4 at ¶¶ 2, 5.
[22] *Id.* at ¶ 6.
[23] *Id.* at ¶¶ 8-9.

Considering the record in its entirety, the Magistrate Judge did not need to weigh evidence or assess witness credibility to establish the discrete facts showing Continental's actual role with respect to the Policy. The evidence submitted by Rigid—specifically, the supplemental declaration of Mr. Andrus—is consistent with the Magistrate Judge's finding that Continental acted as an agent for U.S. Specialty and did not assume liability under the Policy.

The Court also agrees with the Magistrate Judge's conclusion that Rigid has not stated a claim under Louisiana law against Continental. In its state court petition, Rigid alleges that Continental and the other defendants "breached their promise to pay, breached the contract of insurance, and breached their duty of fair dealing with their insured, causing Rigid to sustain substantial damages, including the payment of the salvage and related costs which Mitsui Management and Underwriters had promised to pay."[24] However, Rigid has not shown how Continental, as either a producing agent or managing general agent, has any contractual liability on an insurance policy issued on behalf of its principal, U.S. Specialty Insurance. As the Mitsui Defendants note in their Opposition, under Louisiana law, "the agent of a disclosed principal is not personally bound to the contracts the agent executes on behalf of the principal."[25] The record in the present case reflects that Continental was acting as an agent for a disclosed principal—U.S. Specialty—who assumed 50% of the risk on the Policy in return for 50% of the policy premium.

---

[24] ECF No. 1-2 at ¶ 25.
[25] ECF No. 26 at 18 (citing La. Civ. Code art. 3016). Article 3016 states that a "mandatary who contracts in the name of the principal within the limits of his authority does not bind himself personally for the performance of the contract." *Id.*; *see also McMorris v. Stafford*, 655 F. Supp. 671 (M.D. La. 1987). In *McMorris*, the court concluded that an agent had been improperly joined to defeat diversity: "no cause of action has been stated against Huey Stafford. It is clear that Mr. Stafford was a disclosed agent for Gulf States. . . . Under [the Civil Code], the agent who discloses his principal is not personally bound to the third party. . . . Therefore, since Huey Stafford was joined to defeat the court's diversity jurisdiction, this court may overlook his presence in order to uphold diversity jurisdiction." *Id.* at 673.

Accordingly, as U.S. Specialty's agent, Continental cannot be liable for breach of promise or breach of contract with respect to the Policy.

Rigid also cites La. R. S. 22:1973(A) and (B) to support its bad faith claim against Continental and the other defendants. However, these provisions expressly apply to an "insurer," and provide that an insurer "owes to his insured a duty of good faith and fair dealing."[26] Based on the record before the court, Continental was not registered as an insurer nor was it acting as an insurer with respect to the Policy. Rigid's state court petition also alleges that "upon information and belief," Continental was involved in the adjustment of Rigid's salvage claim. However, the declarations of Nolan and Brown state that Mitsui retained sole authority to manage and adjust claims.

### III.
#### CONCLUSION

For the foregoing reasons, the Court OVERRULES Rigid's Objection to the Magistrate Judge's Report and Recommendation. Accordingly, the Court will adopt the Report and Recommendation [ECF No. 45] in its entirety and will enter judgment denying Rigid's Motion to Remand [ECF No. 14] and dismissing the claims against Continental Underwriters.

THUS DONE in Chambers on this 11th day of September, 2023.

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[26] La. R. S. 22:1973(A)-(B).