UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **RIGID CONSTRUCTORS LLC** | **CASE NO.  6:22-CV-06234*** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **MITSUI SUMITOMO MARINE MANAGEMENT U S A INC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

*\*This order shall also be filed in Case No. 6:24-cv-00111.*

## MINUTES AND MEMORANDUM ORDER

Before the Court is Rigid Constructors, LLC's Motion to Consolidate the captioned matter with the matter of *McKinney Salvage, LLC v. Rigid Constructors, LLC*, Case No. 6:24-cv-00111 (Rec. Doc. 63). Defendants Mitsui Sumitomo Ins. USA, Inc. and Mitsui Sumitomo Marine Management (USA) Inc. (collectively Mitsui) filed a response indicating their consent to consolidation for the purpose of pretrial discovery only. (Rec. Doc. 64). Defendants, U.S. Specialty Insurance Company ("USSIC") and Certain Underwriters at Lloyd's ("Lloyd's"), opposed the

motion. (Rec. Doc. 72 and 73, respectively). The Court held a telephone hearing on June 4, 2024.[1]

These proceedings arise from McKinney Salvage's salvage operations of Rigid's sunk barge and the dispute about who must pay McKinney's salvage fees. Rigid and McKinney were parties to a salvage agreement, but both Rigid and McKinney maintain that Rigid's insurers, Mitsui and USSIC (underwriters for Rigid's primary policy) and/or Lloyds (excess underwriter) must pay.

In the captioned proceedings, Rigid first sued its insurers for breach of contract, bad faith, and related claims in state court in November 2022. (Rec. Doc. 1-2). The insurers removed to this Court in December 2022. (Rec. Doc. 1).

Several months later, in September 2023, McKinney sued Rigid on open account in the Eastern District of Louisiana. *McKinney Salvage, LLC v. Rigid Constructors, LLC*, Case No. 6:24-cv-0011 ("McKinney Suit"). In January 2024, the Eastern District transferred the McKinney Suit to this Court. (McKinney Suit Rec. Doc. 41). In the meantime, Rigid asserted cross-claims against its insurers in the McKinney Suit, and McKinney asserted direct claims against Rigid's insurers on

---

[1] The conference began at 2:00 p.m. and ended at 2:29 p.m. (statistical time 29 minutes). Present were: Alan Braud for Rigid Constructors, Alex Mouldoux for McKinney Salvage, Mandy Simon, John Nicoletti, and Guerric Russell for the Mitsui defendants, Christopher Pennison for USSIC, and Patrick Ray for the Lloyd's.

theories of detrimental reliance, *stipulation pour autrui*, and unjust enrichment. (McKinney Suit Rec. Doc. 10 and 57).

Rigid now moves to consolidate this matter with the later-filed McKinney Suit. F.R.C.P. Rule 42 provides for consolidation of cases involving common questions of law and fact. The court may join for hearing or trial any or all matters in the actions, consolidate the actions, or issue any other orders to avoid unnecessary cost or delay. Rule 42(a).

Although this suit and the McKinney Suit arise from the same underlying incident, the cases differ fundamentally. While the McKinney Suit seeks recovery for payment of the salvage fees, the instant suit is Rigid's attempt to recover damages for breach of its insurance contract(s) and bad faith damages from its insurers.[2] Thus, while many underlying facts will likely overlap, the legal questions are not sufficiently congruent to warrant full-scale consolidation of trials. The Court is also concerned that consolidation will result in insurmountable jury confusion given the complex insurance coverage issues and divergent claims. Nevertheless, coordination among the parties for limited discovery purposes will benefit the parties and the Court by streamlining discovery and any discovery disputes that may arise as they

---

[2] To the extent Rigid asserted identical cross-claims against the insurers in the McKinney Suit, those duplicate claims are rendered moot under the first-to-file rule. See *Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 603 (5th Cir. 1999). In any event, Rigid has not filed an answer to McKinney's most recent complaint (Rec. Doc. 57), and it is unclear whether Rigid purports to re-assert duplicate claims in the McKinney suit.

pertain to parties in both suits. Coordinated discovery efforts shall include only those matters pertaining to both Rigid and McKinney's claims, and specifically claims anchored to the much-debated Mitsui email. To the extent the parties are unable to agree as to whether a particular discoverable matter is pertinent to either or both cases, the parties may file the appropriate motion(s) to compel and/or for protective order.

Accordingly,

IT IS ORDERED that Rigid's Motion to Consolidate (Rec. Doc. 63) is DENIED; however, the parties shall work together to coordinate discovery as outlined herein.

IT IS FURTHER ORDERED that Rigid's Motion to Extend Expert Disclosure/Report Deadlines (Rec. Doc. 84) is GRANTED.

Signed at Lafayette, Louisiana on this 5th day of June, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE